IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| BIG DRIVE CATTLE, LLC, | ) | |
| | ) | CASE NO. BK11-42415-TLS |
| Debtor(s). | ) | |
| FARM CREDIT SERVICES OF AMERICA, | ) | A11-4225-TLS |
| PCA, and FARM CREDIT SERVICES OF | ) | |
| AMERICA, FLCA, | ) | 8:11CV320 |
| | ) | |
| Plaintiff(s), | ) | CHAPTER 11 |
| | ) | |
| vs. | ) | |
| | ) | |
| BRAD HAUN; MICHELLE HAUN; CECIL | ) | |
| HAUN; CAROLE HAUN; JOSEPH PAGE; | ) | |
| FRANCES K. PAGE; CAROL KNISLEY; | ) | |
| and SHIRLEY KNISLEY, | ) | |
| | ) | |
| Defendant(s). | ) | |

REPORT and RECOMMENDATION

This matter is before the court on the parties' status reports (Fil. Nos. 21 and 22), as well as the defendants' motion to stay (Fil. No. 14) and objection by the plaintiffs (Fil. No. 17).

I recommend that reference of this case be withdrawn to proceed in federal district court, and that the motion for stay be denied.

The defendants are the owners and members of Big Drive Cattle, LLC. Big Drive Cattle borrowed money from the Farm Credit entities and the defendants guaranteed that debt. Farm Credit seeks to collect on those guarantees. Big Drive Cattle filed a Chapter 11 bankruptcy case on September 9, 2011, which caused some of the defendants to remove the lawsuit to this court. Thereafter, the defendants filed counterclaims against Farm Credit, alleging negligence, negligent misrepresentation, and breach of the duty of good faith and fair dealing. Farm Credit has moved to dismiss those counterclaims for lack of subject matter jurisdiction under 28 U.S.C. § 1334(b). The defendants have moved to stay progression of the adversary proceeding while the Farm Credit loan is dealt with in the bankruptcy case.

The defendants base their motion to stay on an appeal to the court's equitable powers. *Grossbard v. Securities Am. Fin. Corp.*, No. 8:09CV350, 2010 WL 702271, at *2 (D. Neb. Feb. 23, 2010) (holding that, in determining whether a stay is appropriate, courts consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the

matter is not stayed; and (3) economy of judicial resources). Here, these factors do not warrant a stay. The guarantors' liability on whatever debt is determined to exist is separate from the debtor's liability, and Farm Credit's lawsuit against these defendants will have little or no effect on the debtor's bankruptcy case. Each case may proceed separately. If the guarantors want the protection of the automatic stay, they may file their own bankruptcy petitions. *Schmidt v. Klein Bank (In re Schmidt)*, 453 B.R. 346, 351 (B.A.P. 8th Cir. 2011).

With regard to the matter of jurisdiction, bankruptcy courts (through the district courts) have exclusive jurisdiction over all cases under title 11, and original but not exclusive jurisdiction over all civil proceedings arising under title 11 or arising in or related to a case under title 11, as set forth in 28 U.S.C. § 1334(a) and (b). The causes of action in this case are not core bankruptcy proceedings and would not be before this court except for the bankruptcy filing. A non-core, "related to" proceeding is one in which the outcome "could conceivably have [an] effect on the estate being administered in bankruptcy." *Schmidt*, 453 B.R. at 350 (citing *GAF Holdings, LLC v. Rinaldi (In re Farmland Indus., Inc.)*, 567 F.3d 1010, 1017 (8th Cir. 2009)).

In this case, the counterclaims are simply matters of state law that would have no effect whatsoever on the administration of the bankruptcy case. The case involves solely non-debtor parties. The case is only tangentially connected to the bankruptcy case in that the defendant guarantors, if found liable to Farm Credit, would then have a claim against the debtor in the bankruptcy case.[1]

Moreover, the United States Supreme Court has recently made clear that bankruptcy courts should refrain from impinging upon the exclusive jurisdiction of the Article III courts by entering

---

[1] The *Schmidt* case dealt with a substantially similar issue. In that case, the individual debtors had guaranteed corporate debt. The bank filed state-court replevin actions against the individuals, which were removed to the bankruptcy court. In ruling that the replevin actions did not belong in the bankruptcy court, the Eighth Circuit's Bankruptcy Appellate Panel stated:

> Since the Replevin Actions do not arise under or arise in the Debtors' bankruptcy cases, they are, simply, not core. And, while that conclusion seems relatively obvious as to the Bank's claims against the non-debtor corporations, it is also true as to the Bank's causes of action against the Debtors on their guaranties because those causes of action existed under state law, regardless of the bankruptcy filing. Certainly, if Klein Bank were to file proofs of claim in the Debtors' bankruptcy cases based on the guaranties, the resolution of those claims would be core, inasmuch as the allowance or disallowance of claims against a debtor's bankruptcy estate is a matter that arises under the Bankruptcy Code pursuant to 11 U.S.C. § 502. However, while filing proofs of claim in the Debtors' bankruptcy cases makes the Bank's claims against the Debtors core, it does not make its claims against the non-debtor corporations core.

453 B.R. at 351 (footnote omitted).

judgments on state law claims involving non-debtor third parties. *Stern v. Marshall*, ___ U.S. ___, 131 S. Ct. 2594 (2011). "Property interests are created and defined by state law, and unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." Slip op. at 30 (quoting *Travelers Cas. & Sur. Co. of Am. v. Pacific Gas & Elec. Co.*, 549 U.S. 443, 451 (2007)).

The property interests of the respective parties in this case can be determined by the federal district court. Because this court lacks jurisdiction over this complaint, I respectfully recommend that the United States District Court for the District of Nebraska withdraw the reference of the case. I further recommend that the defendants' motion for stay (Fil. No. 14) be denied.

The Clerk of the Bankruptcy Court shall process this recommendation pursuant to the local court rules.

DATED: December 15, 2011.

RESPECTFULLY SUBMITTED,

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
   James J. Niemeier
   Lauren R. Cole
   Robert J. Bothe
   Andrew J. Wilson
   Joel M. Carney
   James C. Morrow
   Angela M. Witten
   Daniel F. Church
   U.S. Trustee